# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 9, 1920.

MARY S. FISHER, ET AL.,
VS.
JOSEPH FONTE, ET AL.

*McIntosh & Thrift* for plaintiffs.

*Eugene Frederick, Anthony Dimarco* and *Roland R. Marchant* for defendants.

DAWKINS, J.—

This case involves the right to a street stall in Lexington Market. The bill seeks to enjoin the defendants from entering upon or enclosing any part of the stall of the complainant, or disturbing her in the possession of her rights in the same.

The complainants have owned (so far as there can be ownership) the stall No. 1157 in said market for over 40 years, paying to the City the charges and fees for the use of the same. The defendants, Messrs. Fonte and Alascia, own the adjacent eave stall in the said market. Notwithstanding the complainants' objections to parting with any part of their stall the defendants have removed their goods and erected a structure upon a portion of stall 1157, thus causing serious loss and injury to the complainants. The respondents allege that the enclosure that they have erected in no wise interferes with the rights or property of the complainants and that in erecting said structure they have acted entirely under the authority granted them by the Mayor and City Council of Baltimore, and further that they have enclosed nothing but their own property. The title holding of these market stalls is somewhat peculiar. Persons may hold and occupy them year after year, exercising all the acts of ownership over them that can be exercised by any owner of other kinds of property, transfer, sell or otherwise dispose of them, yet their holding depends upon the payment of charges to the City, in the nature of licenses, etc., and the compliance with the laws and regulations of the City in regard to markets.

The facts of this case may be summed up by the following brief reference to the testimony.

The license fees have been paid by the complainants. The stalls have been occupied for many years by them. No notice of a change of lines has been given. Mr. McLaughlan, the former market master, testified that the plaintiffs' stall was six inches over the old cobble stone curbing which was replaced by the new curbing in 1912. When the new curbing was put in nothing was said about changing the lines of the stalls. After the new curbing was put in the plaintiffs occupied the space over it and where the structure has now been erected by the defendants. Permission was only given to enclose the stalls when parties controlled both sides of the curb. The present market master, Mr. Collier, came into office after the new map fixing approximately the bounds of the stalls had been prepared. He found a controversy existing as to the boundary line. He thinks that the curb line was regarded as the dividing line between the stalls, yet he does

not know the space actually occupied by the complainants. Mr. Thrift, former Comptroller of the City, called by the defendant, says that during his eight years in office, he knew of no limit in feet and inches of the market stalls and that the map made during his term of office was not intended to affect the real lines of the stalls as occupied and used by the licensees at that time or subsequent to that time. Baltimore City Code, Article 23, Secs. 17 and 114, clearly fixes the title and tenure of a market stall owner. Every "Licensee shall with the approbation of the comptroller be transferable and renewable from year to year during the existence of the market, provided said licensee shall have complied with all laws and ordinances of the City of Baltimore, relating to markets and said license shall be evidence of title in the grantee or assignee to the stall." Then follows the requirement to pay license fees, etc., so that every one holds by contract with the City, subject to the market regulations and not adversely to the City authority. The payment of the license fee confers on the party the right to use the stall.

Hatch vs. Pendergast, 15 Md. 251.

If, however, he has been in possession of a certain stall with unchanged limits and bounds with a full compliance on his part with all the rules and regulations of the City, and the City for a long time has accepted license fees and charges from him the City surely would not have the right to change the lines without notice to him.

The ownership of a market stall does not confer on the purchaser an absolute property, but only a qualified right. The right is in the nature of an easement in, and not a title to a freehold in the land. The ownership confers an exclusive right to occupy the particular stalls with their appendages—for the purposes of the market. If the owner be disturbed in his possession he may maintain trespass or case against the wrongdoer. Rose vs. City, 51 Md. 256, and Green case, 86 Md. 290.

The case of Pfefferling vs. City, 88 Md. 475, relied on by the defendants at the hearing presents a very different situation from the case at bar. In that case the license to use the stall for one year was issued under an or-

dinance which gave the licensee no right to demand renewal and under the provision that no stalls should be rented to any person who shall not intend to occupy the same during the year of renting. In the present case the complaining party has certainly paid her license fees, for she has continued to occupy the same stall. No request for surrender has been made of her. She has complied with all of the requirements of the Mayor and City Council. Surely under such a state of facts no part of her stall should be taken from her without her consent. The City had not attempted in any proper way to do it.

The relief prayed for is granted.